Gregory LOMAX, Plaintiff/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

No. 66376.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 20, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

Before GRIMM, C.J., and REINHARD and CARL L. GAERTNER, JJ.

PER CURIAM.

On June 23, 1993, movant's jury trial on a charge of possession of heroin began. Apparently before the jury was finally selected, movant indicated his desire to plead guilty. Pursuant to Rule 24.02, the trial court informed movant of his rights and determined that the plea was voluntary.

No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed in accordance with Rule 84.16(b).

Brendon E. ROGERS, Appellant,

v.

STATE of Missouri, Respondent.

No. 65913.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 20, 1995.

Application to Transfer Denied
April 25, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., GRIMM, C.J., and CRAHAN, J.

*ORDER*

PER CURIAM.

Brendon E. Rogers ("Defendant") appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm.

We have reviewed the record and find the judgment of the motion court is based on findings that are not clearly erroneous. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum opinion for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).